Imb Tracking Number: ▓▓▓▓▓▓

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT - LIMITED TERM

**To the Borrower:** This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.

This Agreement (the "Agreement") is dated as of January 23, 2017, but effective as of the Modification Effective Date defined herein, by and between KATHRYN A QUASIUS (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").

**RECITALS:**

A. Borrower has a mortgage loan, account number ▓▓▓▓▓▓ (the "Loan"). This loan is secured by property commonly referred to as 725 MEAD AVE, SHEBOYGAN, WI 53081 (the "Property").

B. Borrower signed the following documents in connection with the Loan:
- Note dated March 26, 2004 in the original amount of $113,606.31 (the "Note").
- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of Sheboygan County, WI (the "Security Instrument"), with an original stated maturity date of April 1, 2034.
- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

    a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before February 7, 2017.

    b. Borrower makes payments as set forth in this Agreement.

2. **Modification of the Loan Documents**

---

LOAN MODIFICATION AGREEMENT - FIVE YEAR LIMITED TERM

Revised 06/15
Page 1 of 6





If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

If your Loan Documents call for interest to be calculated using daily simple interest, or DSI, this Agreement permanently modifies your Loan so that interest is calculated on a monthly basis, also known as interest in arrears.

Modification Period: This modification will take effect on February 1, 2017 (the "Modification Effective Date"). The first modified payment under this Agreement will be due on March 1, 2017 and the last modified payment will be due on February 1, 2022.

Term Extension: The term of the Note has been extended and the new maturity date of the Loan will be February 1, 2057.

Modified Principal Balance: On the Modification Effective Date, the unpaid principal balance payable under the Note is $106,917.18 (the "Unpaid Principal Balance").

Modified Monthly Payment Amount: You promise to make modified monthly payments in an amount set forth in the table below for a 60 month period beginning with the first modified payment due on March 1, 2017 and ending with the modified payment due on February 1, 2022 (the "Modification Period"). During the 60 month Modification Period, the total modified monthly payment amount may include monthly principal-and-interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly installments for Ancillary Amounts, as identified below.

At the end of the Modification Period, you promise to make monthly post-modification payments beginning with the first payment due after February 1, 2022 and ending on the Maturity Date (the "Post-Modification Period"). During the Post-Modification Period, the total post-modification monthly payment amount may include monthly principal-and-interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts).

Interest Rate: Interest will be charged on the Unpaid Principal Balance beginning on the Modification Effective Date at a rate of 6.375%. Monthly principal-and-interest payments during that period will be based on this modified rate. During the Post-Modification Period, interest will be accrued on the Unpaid Principal Balance at the rate set forth in the Loan Documents. Monthly principal-and-interest payments will be based on such rate set forth in the Loan Documents.

Deferred Amounts: We have agreed to defer your obligation to pay the following amounts (the "Deferred Amounts"):

Deferred Principal: $0.00

Deferred Amounts Other Than Principal: $72,543.38

Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.



Summary of Modified Monthly Payments During the Modification Period:

| | |
|---|---|
| Unpaid Principal Balance: | $106,917.18 |
| Interest Rate: | 6.375% |
| Monthly Principal and Interest Payment: | $616.46 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $166.25 |
| Total Modified Monthly Payment: | $782.71 |
| First Modification Payment Date: | March 1, 2017 |

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

   The Parties further agree to and acknowledge each of the following:

   A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B. Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

   C. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

   D. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E. Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

F. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

G. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the First Modification Payment Date, then these amounts will either become Deferred Amounts under the Loan Documents, or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement.

H. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of



claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may need to be approved by the Court.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

### IMPORTANT INFORMATION
### YOUR SIGNATURE BELOW CONFIRMS:

(1) YOUR UNDERSTANDING OF THE TERMS OF THIS MODIFICATION AND THAT YOUR PAYMENT MAY INCREASE GREATLY AT THE END OF YOUR 60 MONTH MODIFICATION TERM;

(2) THAT YOU HAVE REQUESTED THIS MODIFICATION IN ORDER TO KEEP OWNERSHIP OF YOUR HOME; AND

(3) THAT IF YOUR PAYMENT INCREASES AT THE END OF YOUR MODIFICATION TERM, YOU BELIEVE YOU WILL BE ABLE TO MAKE THE GREATER PAYMENT AMOUNT.

Borrower

*Kathryn A. Quasius* 2-6-17
KATHRYN A QUASIUS                Date

Signed, sealed and delivered in the presence of:

*[signature]*
Witness

Lender

Caliber Home Loans, Inc.

*[signature]* 2/24/17
                                 Date

LOAN MODIFICATION AGREEMENT - FIVE YEAR LIMITED TERM

Revised 06/15
Page 6 of 6

Account Number: ▇▇▇▇▇▇

LOAN MODIFICATION AGREEMENT - FIVE YEAR LIMITED TERM ▇▇▇▇

Revised 08/15
Page 6 of 6

